ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| DAVID MUÑIZ LEBRÓN<br><br>Parte Peticionaria<br><br>v.<br><br>AIREKO ENERGY SOLUTIONS, LLC.<br><br>Parte Recurrida | KLCE202400336 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2024CV00592<br><br>Sobre: Despido Injustificado |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2024.

El 21 de marzo de 2024, el peticionario David Muñiz Lebrón presentó *Petición de Certiorari y Moción Solicitando la Paralización ante el Tribunal de Primera Instancia.* En apretada síntesis, nos solicita que revoquemos la Orden del 11 de marzo de 2024 y notificada en la misma fecha. En atención a lo solicitado, ese mismo 21 de marzo, emitimos *Resolución* ordenando al Tribunal de Primera Instancia que aclarara o informara cualquier asunto que pudiera clarificar la Orden del 11 de marzo de 2024.

Con fecha del 25 de marzo de 2024 mediante *Comparecencia Especial* la Honorable Jueza Rice Dilmé *motu proprio* dejó sin efecto la Orden del 11 de marzo de 2024, en cuanto a los asuntos relacionados a la constitucionalidad de la Ley Núm. 2 del 17 de octubre de 1961, conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales*[1], la cual fue la controversia medular del

---

[1] 32 LPRA §3118, *et seq.*

recurso ante nos.  A tenor de ello, emitimos una *Resolución* el 4 de abril de 2024, concediendo a las partes cinco días para que se expresaran sobre la *Comparecencia Especial* de la Honorable Jueza Rice Dilmé.

Quien único compareció en cumplimiento con nuestra *Resolución* fue el peticionario, Sr. David Muñiz Lebrón.  En resumen, éste expresó conformidad cuando el TPI *motu proprio* dejó sin efecto la Orden del 11 de marzo de 2024.  Sin embargo, resaltó como posible asunto inconcluso el posible "pronunciamiento enmendado", relacionado con la Orden del 11 de marzo de 20204. Finalizó su comparecencia, reiterando que el ELA no es parte indispensable en el presente pleito y que al presente los trámites deberán continuar de forma sumaria.

El 11 de abril de 2024, el Tribunal de Primera Instancia en reacción a nuestra segunda *Resolución,* y reconociendo que el *certiorari* no había sido expedido, emitió una Orden señalando la continuación de los procesos y señalando la Vista Inicial para el 24 de abril de 2024.  En la anterior Orden, no hubo ningún pronunciamiento enmendando o relacionado a la Orden del 11 de marzo de 2024[2].

Durante la celebración de Vista Inicial, según surge de la minuta, el señor David Muñiz Lebrón informó que no descartaba llegar a un acuerdo transaccional y a tales efectos enviaría una oferta al querellado.  También informó que están en espera que el querellado contestara un interrogatorio.  Por su parte el querellado separó una fecha para deponer al querellante.  Finalmente se señaló Vista con Antelación al Juicio para el 30 de julio de 2024[3].  Durante la Vista Inicial no se mencionaron controversias relacionadas al ELA como pate indispensable, enmiendas a la querella, órdenes

---

[2] Véase Entrada Núm. 14 del Sistema Unificado de Manejo de Casos (SUMAC).
[3] Véase Entrada Núm.15 del Sistema Unificado de Manejo de Casos (SUMAC).

enmendadas y tampoco sobre la necesidad de cambiar la naturaleza sumaria del proceso. Lo anterior, forzosamente nos lleva a concluir que los asuntos relacionados a la Orden del 11 de marzo fueron totalmente superados y que los procesos judiciales continúan con adecuado trámite.

Por lo anterior, entendemos que procede desestimar el presente recurso, por académico.

## II.

Los tribunales solamente podemos evaluar aquellos casos que son justiciables[4]. Una controversia no es justiciable cuando: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro[5]. Las doctrinas que dan vida al principio de justiciabilidad son: legitimación activa, academicidad y cuestión política[6].

Entre estas doctrinas, la academicidad es una de las que establece los límites de la judicatura[7]. Requiere que, en todo pleito presentado ante un tribunal, exista una controversia real entre las partes[8]. Un caso se vuelve académico cuando el asunto en controversia sucumbe ante el paso del tiempo, "ya sea porque ocurrieron cambios en los hechos o el derecho, y la misma se vuelve inexistente"[9]. En consecuencia, el dictamen que emita el tribunal no tendrá un efecto práctico entre las partes[10].

---

[4] *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011).
[5] Íd., págs. 68-69.
[6] *Sánchez v. Srio. de Justicia*, 157 DPR 360, 370 (2002).
[7] *Bhatia Gautier v. Gobernador*, supra, pág. 73.
[8] *Íd.*; *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[9] *Íd.*; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).
[10] *Íd.*; *IG Builders et al. v. BBVAPR,* supra.

Por su parte, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, establece que el Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignado en el inciso (B).  Al respecto, el referido inciso (B) dispone:

> "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> (5) **que el recurso se ha convertido en académico."**
> (Énfasis nuestro)

III.

En resumen, el señor David Muñiz Lebrón recurrió de una Orden emitida por el foro primario el 11 de marzo de 2024. Dicha Orden fue dejada sin efecto *motu proprio* por el TPI el 25 de marzo de 2024. La consecuencia real de ese proceder fue dejar sin efecto todo lo relacionado al pronunciamiento de la inconstitucionalidad de la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*  Es decir, se derogó lo que constituía la preocupación medular del querellante[11].

Así las cosas, el 11 de abril de 2024, el TPI emitió otra Orden encauzando la continuación de los procesos y señaló el caso para la Vista Inicial. Dicho dictamen no contenía pronunciamiento enmendado o relacionado a las controversias de la Orden del 11 de marzo de 2024.

---

[11] Entiéndase que quedó sin efecto, la necesidad de enmendar la demanda para incluir al ELA como parte indispensable y la posibilidad de cambiar el proceso a uno ordinario.

La Vista Inicial se celebró según pautada el 24 de abril de 2024 y la Minuta fue transcrita el 25 de abril de 2024. La Minuta expresa que el caso continúa en descubrimiento de prueba y que quedó señalada la Vista con Antelación al Juicio para el 30 de julio de 2024. La Minuta tampoco refleja algún pronunciamiento enmendado o relacionado a las controversias de la Orden del 11 de marzo de 2024. Ante el proceder del TPI y de las partes durante la vista inicial, es fácil concluir que las controversias relacionadas a la Orden del 11 de marzo de 2024 ya fueron superadas. En definitiva, el caso ha continuado con el correspondiente trámite sumario.

De conformidad con la Regla 83, y considerado el estado procesal de la causa de epígrafe, así como la expresiones y trámites de Instancia, colegimos que, en efecto, el recurso de *Certiorari* se ha convertido en académico. Entendemos que carece de eficacia el recurso que cuestiona una actuación que fue revertida *motu proprio* por el foro primario. Dicha falta de eficacia también quedó confirmada ante el contenido de la Orden del TPI del 11 de abril de 2024 y de la Minuta de la Vista Inicial del 24 de abril de 2024. Es por lo anterior que desestimamos por academicidad el presente recurso.

IV.

Por los fundamentos antes expuestos, entendemos que el trámite adecuado es desestimar el presente recurso, por académico.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones